FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY MARIE G., | No. 2:25-CV-00366-SAB |
| Plaintiff, | |
| v. | **ORDER REVERSING THE** |
| COMMISSIONER OF SOCIAL | **DECISION OF COMMISSIONER** |
| SECURITY ADMINISTRATION, | |
| Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by Chad Hatfield. The Commissioner is represented by L. Jamala Edwards, Lillian Lee, and Joseph P. Derrig. Pending before the Court are Plaintiff's Opening Brief, ECF No. 10, the Commissioner's Brief, ECF No. 12, and Plaintiff's Reply Brief, ECF No. 13.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

## I.    Jurisdiction

Plaintiff filed application for supplemental security income on June 6, 2022, alleging disability since January 1, 2021.  The claim was denied initially and on

**ORDER REVERSING THE DECISION OF COMMISSIONER ~1**

reconsideration. Plaintiff requested a hearing, which was held on September 16, 2024 by telephone.

Plaintiff participated and was represented by Chad Hatfield. Darrell Taylor, vocational expert, also appeared at the hearing. On October 28, 2024, the ALJ issued an opinion, finding Plaintiff was not disabled since June 6, 2022.

Plaintiff requested review by the Appeals Council and it denied the request on July 16, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed her Complaint on September 17, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~2

activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national

**ORDER REVERSING THE DECISION OF COMMISSIONER ~3**

economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards are not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~4

2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was 35 years old. She has a 10th grade education and has never had a driver's license.

Plaintiff lives alone with her two pets. She experienced emotional, physical, and sexual trauma during her teen years when she was in the foster care system. She has numerous suicide attempts—her last was in 2021 with an intentional overdose. She routinely experiences nightmares.

Plaintiff was diagnosed with Bertolotti Syndrome. She experiences tenderness and chronic lower back and SI joint pain. She had a positive straight leg test. She has to lay down to alleviate the pain.

Her last job attempt was at McDonalds. She worked there for a couple of months. She performed a number of tasks including lifting boxes with frozen food. She quit because of her lower back pain. She explained that she gets irritable around people. She starts hearing voices in her head. As a result, she isolates herself from people.

## V. The ALJ's Findings

The ALJ issued an opinion finding Plaintiff was not disabled. AR 17-29. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 6, 2022, the application date. AR 19.

At step two, the ALJ identified the following severe impairments: Bertolotti's Syndrome, degenerative disc disease of the lumbar spine, generalized anxiety disorder, and post-traumatic stress disorder. AR 20.

At step three, the ALJ found that Plaintiff did not have an impairment or

**ORDER REVERSING THE DECISION OF COMMISSIONER ~5**

combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 20.

The ALJ concluded Plaintiff has an RFC to perform:

> sedentary work as defined in 20 CFR 416.967(a) except: The claimant can lift up to ten (10) pounds occasionally. She can stand and/or walk for about two (2) hours and sit for up to six (6) hours in an 8-hour workday, with normal breaks. She can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She must avoid frequent exposure to excessive vibration and operational control of moving machinery. She must avoid unprotected heights and exposure to hazardous machinery. Her work is limited to simple instructions. Her work must be in a low stress job, defined as having only occasional changes in the work setting. She cannot perform work that requires hourly quotas. She must have no interaction with the public. She must have only occasional interaction with coworkers and supervisors..

AR 23.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. AR 27.

At step five, the ALJ found there were other jobs that existed in significant numbers in the national economy that she could perform, including Hand Packer and Production worker. Additionally, the ALJ found Plaintiff's substance use disorder was not a contributing factor material to the determination of disability. Consequently, the ALJ found that Plaintiff was not disabled from June 6, 2022. AR 29.

**VI.  Issues**

1.  Whether the ALJ properly assessed Dr. Everhart's opinion?
2.  Whether the ALJ properly conducted a Step Three analysis?
3.  Whether the ALJ properly evaluated Plaintiff's symptom testimony?
4.  Whether the ALJ met its burden at Step Five?

### 1.  Evaluation of the Medical Opinion Evidence

In evaluating medical opinion evidence, the ALJ must consider the

**ORDER REVERSING THE DECISION OF COMMISSIONER ~6**

persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *I*

Supportability and consistency are further explained in the regulations:

(1) Supportability.
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

Examining Psychologist, Joyce Everhart, Ph.D

On December 27, 2022, psychologist Joyce Everhart, PhD, completed an evaluation of Plaintiff.

Dr. Everhart found the following:

Her ability to make judgments on simple work-related decisions is limited. She is likely to have some difficulty with complex

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~7

instructions. She has the ability to complete a simple three step task. She is likely to have difficulty adjusting to changes in the work routine. She is likely to have difficulty maintaining regular attendance during an eight hour day, five day work week, without interruption from psychological symptoms. She is unlikely to be able to maintain appropriate interactions with the public, supervisors, and co-workers on a sustained basis. She is likely to have difficulty dealing with the usual stresses of a regular workplace setting. She may need help to manage her funds in her own best interest.

The ALJ found Dr. Everhard's conclusions that Plaintiff would have difficulty adjusting to changes in the work routine, difficulty maintaining regular attendance during a work week and unlikely to be able to be able to maintain appropriate interactions with the public, supervisors, and co-workers was not persuasive because the ALJ believed these conclusions were inconsistent with the record as a whole, such as not having to be redirected, normal eye contact, being cooperative, having good persistence and pace, and not appearing easily distracted.

The ALJ's conclusions are not supported by the record. The record is replete with instances where Plaintiff reported nightmares, anxiety, outbursts, mood swings, hair pulling and irritability. Plaintiff experienced an unsuccessful work attempt at McDonalds, due to her physical impairments and her interpersonal conflicts with coworkers and supervisors. She rotated to various positions, starting on the register, and ultimately ending in the back stocking shelves. She gets agitated and easily frustrated. Based on objective testing, Dr. Everhard noted that Plaintiff would likely have trouble with executive function, which is reflected by Dr. Everhard's limitations. Dr. Everhard's conclusions are well-supported by the record and the ALJ erred in finding them unsupported and inconsistent with the record.

### 2.    Plaintiff's Subjective Complaints

Plaintiff argues the ALJ erred in discounting her subjective symptoms. In determining whether a claimant's testimony regarding subjective pain or symptoms

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~8

is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found that while the medical evidence supports some limitations in Plaintiff's functional capacity resulting from her physical impairments, the evidence does not support as significant restrictions as Plaintiff alleges. The ALJ's credibility determination is not supported by substantial evidence in the record. The ALJ faults Plaintiff for not following up with her PT appointments but failed to account for the fact that the consistent reason she missed the appointments was lack of transportation. Moreover, in 2024, Dr. Knight noted that physical therapy, lidocaine, Mobic and diclofenac had proven ineffective. Dr. Knight also noted that if Plaintiff did not improve, nerve impingement was suspected.

Notably, the ALJ rejected the state agency medical consultants' conclusions that Plaintiff's residual functional capacity was at a full-range of light exertional level, finding they were inconsistent with the record as a whole, yet failed to account for Plaintiff's need to lie down for a couple of hours to alleviate her back pain in determining her RFC.

The ALJ failed to provide clear and convincing reasons to reject Plaintiff's

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~9

testimony regarding irritability, social isolation and auditory hallucinations. The ALJ failed to provide clear and convincing reasons to reject Plaintiff's testimony regarding the side effects of her medications, which causes her to nap during the day. As such, the ALJ's evaluation of Plaintiff's symptom testimony is not supported by substantial evidence.

## VIII. Conclusion

If the ALJ properly evaluated Dr. Everhardt's opinion and properly considered Plaintiff's credible testimony that is supported by the record, it is clear Plaintiff is unable to complete full-time work on a consistent basis because of her physical and mental impairments. As such, there is no need to develop the record or convene further administrative proceedings and a remand for the immediate award of benefits is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED:**

1.      For docket purposes, Plaintiff's Motion for Summary Judgment, ECF No. 10, is **GRANTED**.

2.      For docket purposes, the Commissioner's Response Brief, ECF No. 12, is **DENIED**.

3.      The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4.      Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 23rd day of April 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~10